993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier Perez RAMIREZ, Defendant-Appellant.
 No. 92-30250.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.*
Decided May 10, 1993.
 
 Before: WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Javier Perez Ramirez appeals from the district court's denial of his motion to suppress evidence seized during a search of his residence at 116 South Government Way in Spokane, Washington. Ramirez contends that the district court erred in denying a hearing under Franks v. Delaware, 438 U.S. 154 (1978). We affirm because we conclude that, after excluding facts found by the district court to be conclusory, or a "slight exaggeration," sufficient facts remain to demonstrate probable cause to search.
 
 I.
 
 3
 On January 9, 1992, at 7:40 p.m., Detective Mark L. Grumbly obtained a search warrant from Judge Richard White of the Spokane County District Court for the search of 116 South Government Way. At about 8:00 p.m. on the same date, Detective Grumbly and other officers executed the warrant, seizing 529 growing marijuana plants, marijuana growing equipment, and a loaded revolver.
 
 
 4
 Ramirez was charged with manufacturing over 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and with possessing with intent to distribute over 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1). On February 3, 1992, Ramirez made a motion to suppress the evidence and requested an evidentiary hearing to demonstrate that the affidavit underlying the search warrant was invalid. The district court denied the request for a Franks hearing and the motion to suppress the evidence seized pursuant to the warrant.
 
 
 5
 On March 23, 1992, Ramirez pled guilty to manufacture of over 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1). The guilty plea was conditional, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, in order to preserve Ramirez's right to appeal from the district court's denial of his motion to suppress evidence.
 
 II.
 
 6
 Ramirez makes two contentions in this appeal. He argues that he was entitled to a Franks hearing because Detective Grumbly's affidavit contained deliberate falsehoods, and because he omitted facts in a manner designed to mislead the state court judge. He also claims that if the deliberate falsehoods are removed from the affidavit and the omissions are added, there remains no substantial basis for concluding that probable cause to search existed. We discuss each claim and the facts pertinent thereto in separate headings.
 
 A. Alleged Deliberate Falsehoods
 
 7
 Ramirez first argues that we must reverse the order denying his motion to suppress because he has made a substantial preliminary showing that the affidavit contains intentionally or recklessly false statements. "We review the district court's denial of a Franks hearing de novo." United States v. Perdomo, 800 F.2d 916, 920 (9th Cir.1986).
 
 
 8
 Search warrants are presumptively valid. Franks, 438 U.S. at 171. Nevertheless, a defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying the warrant if he can make
 
 
 9
 a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause. Where the defendant makes such a showing, the Fourth Amendment requires that a hearing be held at the defendant's request. If after the limited evidentiary hearing the court concludes that the magistrate or judge in issuing the warrant was misled by information in the affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, then suppression is an appropriate remedy.
 
 
 10
 United States v. Stanert, 762 F.2d 775, 780 (9th Cir.) (citations and quotation marks omitted), amended by 769 F.2d 1410 (9th Cir.1985). Every fact in the affidavit need not be true because probable cause may be based on hastily gathered information. Franks, 438 U.S. at 165. The law demands, however, that the affiant believed the information to be true. Id.
 
 
 11
 The affidavit for the search warrant set forth the following facts: Detective Mark L. Grumbly is a 21-year veteran of the Spokane Police Department. He attended the Drug Enforcement Administration (DEA) Basic Drug Investigation School and seminars related to drug enforcement and investigation. Grumbly is certified by the Washington State Crime Lab in marijuana leaf analysis.
 
 
 12
 In the summer of 1991, Detective Grumbly was engaged in a narcotics investigation. During the course of the investigation, 80 starter marijuana plants were delivered to him. A follow-up investigation of the persons who delivered the plants led Detective Grumbly to suspect that drug activities were conducted at the house at 116 South Government Way, and that Ramirez might be involved.
 
 
 13
 Detective Grumbly conducted a surveillance of the house at 116 South Government Way. He checked the house on several occasions, but did not observe any persons at or near the house. Detective Grumbly alleged in his affidavit that "[t]he house has all the windows covered and there is even insulation on the inside of some of the windows." He also alleged that police had checked the power usage of the residence and that it was "extremely high." Agents of the DEA used a thermal imaging device of the house and found "excessive heat" emanating from the house. This conclusion is consistent with the use of halide lights employed by others in the growing of marijuana indoors.
 
 
 14
 On January 9, 1992, Detective Grumbly and Detective Quist went with DEA Agent Sargent to the house at 116 South Government Way to speak to the occupant. Agent Sargent had attempted to contact the occupant at that location on at least three prior occasions. Agent Sargent had noticed that there were pine needles on the garbage can lid on all the occasions he went to the residence. He inferred from this circumstance that the garbage can was not used.
 
 
 15
 The officers parked their car in the driveway. As Detective Grumbly approached the residence, he smelled a strong odor of marijuana. Because of the house's location in relation to other homes in the area, Grumbly believed that the odor could only be coming from the building at 116 South Government Way. Detective Quist and Agent Sargent also smelled marijuana. The affidavit does not indicate whether Detective Grumbly or the other officers knocked on the door, but it does state that "no one [was] ever at the residence" during the police surveillance. Detective Grumbly executed the search warrant affidavit on January 9, 1992; the Spokane court issued the warrant that same day.
 
 
 16
 Ramirez asserts that there is no evidence in the affidavit that the officers knew how to recognize the odor of growing marijuana. It is not entirely clear whether Ramirez contends that this should be considered as an intentional falsehood or a deliberate omission of facts in order to mislead the state court judge. The affidavit reflects that Detective Grumbly had 21 years of experience in law enforcement. He received training at the DEA Basic Drug Investigation School and at drug enforcement seminars. He has previously investigated marijuana cases. The affidavit also shows that Detective Grumbly was certified by the Washington State Crime Lab in marijuana leaf analysis. The district court found that "[i]t is reasonable to assume that Officer Grumbly is familiar with the smell of marijuana leaves as well as the sight of them." We agree. It can be inferred from the facts set forth in the affidavit that a person with Detective Grumbly's training and experience who is also certified in marijuana leaf analysis should be able to recognize the odor of growing marijuana plants. The fact that other persons without such training and experience did not smell the same odor at other unspecified times does not make a substantial preliminary showing that Detective Grumbly's allegation was false.
 
 
 17
 The record also supports the district court's finding that Detective Grumbly's statement that "[t]he way the house is positioned this is the only place the odor could be coming from as it is the only house in the immediate area," does not contain deliberate falsity, or exhibit a reckless disregard for the truth. Although it is possible that the odor could have come from another residence near 116 South Government Way, no evidence was presented that Detective Grumbly did not believe in good faith that the odor came from 116 South Government Way.
 
 
 18
 Ramirez next attacks Detective Grumbly's allegation that the power usage at the residence was high. While it is true that this opinion was not supported by facts showing the bases for the officer's conclusion, Ramirez has failed to demonstrate that the allegation was deliberately false or made in reckless disregard for the truth.
 
 
 19
 Ramirez also charges that Detective Grumbly's allegation that Ramirez was "involved with the people that delivered the marihuana plants to affiant" was deliberately misleading. Although the affidavit does not explain how Detective Grumbly reached this conclusion, the record does not support Ramirez's contention that Detective Grumbly's inference was deliberately false, or was made in reckless disregard of the truth.
 
 
 20
 Detective Grumbly alleged that all of the windows were covered and that there was insulation on some of the windows. The record shows that there was insulation on only one window. The district court found that this allegation was a "slight exaggeration." Nevertheless, the court found that this allegation was not deliberately false or made in reckless disregard for the truth. Random House defines exaggerate as "to magnify beyond the limits of truth; overstate; represent disproportionately." Random House College Dictionary 459 (rev. ed. 1980). The definition of the term "exaggeration" thus includes an untruthful statement. Ramirez has failed to demonstrate, however, that Detective Grumbly knew his "slight exaggeration" of the true facts was made in reckless disregard for the truth. See Franks, 438 U.S. at 165 (truthful does not mean " 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct"). Furthermore, the warrant's validity is not affected by the allegation that more than one window was insulated because this fact is not material to the determination of probable cause. See id., 438 U.S. at 171-72 ("[I]f, when [allegedly false material] is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.").
 
 
 21
 B. Alleged Intentional or Reckless Omissions
 
 
 22
 Ramirez further asserts that the affidavit omitted the fact that numerous officers had been to his residence on several occasions. He also alleges that the affidavit omits any statement that the officers did not smell growing marijuana plants on these prior visits. Ramirez argues that it was only after the officers were observed by him and his neighbors that the officers "fortuitously smelled growing marijuana."
 
 
 23
 "The Ninth Circuit has ... held that a defendant may challenge a facially valid warrant when it contains deliberate or reckless omissions of fact that tend to mislead." United States v. Dozier, 844 F.2d 701, 705 (9th Cir.), cert. denied, 488 U.S. 927 (1988).
 
 
 24
 The allegation by Ramirez's counsel that the officers "fortuitously smelled" marijuana is a conclusion unsupported by any facts. The district court found that the failure to set forth in the affidavit that the officers had been to the house previously did not demonstrate that the omission was intentional or reckless or that it was for the purpose of deceiving or misleading the state judge who issued the search warrant. We agree. Ramirez has failed to demonstrate that the 529 growing plants seized by the officers did not emit a strong odor, or that the failure to allege the officers had been to the house on other occasions was intentional or reckless, or done with the purpose of deceiving of misleading the state court judge. See Franks, 438 U.S. at 171 ("To mandate an evidentiary hearing, the challenger's attack must be more than conclusory...."). Ramirez has failed to "make a substantial showing that the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." Stanert, 762 F.2d at 781.
 
 III.
 
 25
 Ramirez next argues that if the deliberate falsehoods are removed from consideration and proper recognition is made of the omission of facts, the remaining allegations in the affidavit do not give rise to probable cause to search. This contention lacks merit.
 
 
 26
 We review a challenge to the validity of a search warrant to determine whether the judge had a "substantial basis" for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 238 (1983) (citations and quotation marks omitted). The judge must make a "practical, common sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id.
 
 
 27
 The district court examined the affidavit for probable cause after expressly excluding consideration of the reference to Ramirez's alleged involvement with people who trafficked in drugs, and taking into account the fact that no allegations were made concerning whether the officers' had smelled growing marijuana in their previous visits to the house, the presence of another nearby residence, and the probable discovery of the officers by Ramirez and his neighbors. The district court found that the allegations that the officers smelled a strong odor of marijuana, that the windows were covered, that a thermal inspection indicated an unusual amount of heat emanated from the house, and that no one appeared to be residing in the house established a substantial basis for concluding that probable cause for the search warrant existed. The record supports the district court's decision.
 
 
 28
 The facts contained in the affidavit were sufficient to cause a highly-experienced police officer to believe that someone was growing marijuana at 116 South Government Way. "We have repeatedly found the opinions of experienced law enforcement agents highly important in making probable cause determinations." United States v. Seybold, 726 F.2d 502, 504 (9th Cir.1984). "[T]he presence of the odor of [marijuana] may itself be sufficient to establish probable cause." United States v. Kerr, 876 F.2d 1440, 1445 (9th Cir.1989). The search warrant was supported by probable cause.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3