12 F.3d 1110
 Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dana B. PAGE, Defendant-Appellant.
 No. 93-30144.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 29, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dana B. Page appeals his conviction, which followed his conditional guilty plea to manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Page argues that the district court erred by denying his motion to suppress evidence seized from his home pursuant to an invalid warrant. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 A search warrant must be supported by an affidavit establishing probable cause under the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1983). The warrant is void if it is based upon an affidavit containing a false statement or deliberate or reckless omission necessary to the magistrate's finding of probable cause. United States v. Tham, 960 F.2d 1391, 1395 (9th Cir.1991); see also Franks v. Delaware, 438 U.S. 154, 155-56 (1978); United States v. Stanert, 762 F.2d 775, 781 (9th Cir.), amended on other grounds, 769 F.2d 1410 (9th Cir.1985).
 
 
 4
 When a warrant is founded on allegedly false statements, we review de novo the district court's ruling as to the existence of probable cause. United States v. Elliott, 893 F.2d 220, 222 (9th Cir.), amended on other grounds, 904 F.2d 25 (9th Cir.), cert. denied, 498 U.S. 904 (1990). An affidavit, valid on its face, which contains deliberate or reckless misstatements that would tend to mislead a magistrate should be reviewed for sufficiency with the misstatements excised.[2] United States v. Flores, 679 F.2d 173, 176 (9th Cir.1982), cert. denied, 459 U.S. 1148 (1983); Stanert, 762 F.2d at 782.
 
 
 5
 The affidavit supporting the warrant to search Page's house was sworn by Drug Enforcement Administration Special Agent John Dudley. Dudley learned from a confidential informant, whose information reportedly derived from candid conversations with Page, that Page and his wife were cultivating marijuana in the basement of their home. The informant described Page and gave his address as "Route 3, Box 69, Chattaroy, Washington." The informant also told Dudley that Page had been arrested some years earlier for carrying contraband into Canada and, as a result, had had his Ford Thunderbird seized.
 
 
 6
 The informant's description of Page and the site of the alleged marijuana operation corresponded with Page's Idaho driver's license photograph and Dudley's observations. Dudley also confirmed through the U.S. Customs Service that Page had been arrested, and his Ford Thunderbird forfeited, when he transported LSD across the Minnesota-Canada border in 1989. Finally, Dudley discovered that Page had sustained two prior controlled substance convictions, one in 1974 and one in 1984.
 
 
 7
 Dudley subpoenaed power records for Page's house and discovered that the Pages' electricity consumption far exceeded that of prior tenants. Dudley also learned that the Pages had never requested a maintenance review or complained of high power bills and that they had not sought permits to run a business on the premises or to alter their wiring to accommodate a major appliance such as a sauna or swimming pool. Dudley ascertained that Page had not collected wages or unemployment compensation in Washington since 1988. Finally, the affidavit recounted how Dudley and other investigators had smelled growing or freshly harvested marijuana one February night at 50 yards' distance, and at 120 yards' distance, from Page's house.
 
 
 8
 A subsequent search revealed more than 100 marijuana plants growing in Page's basement. Page challenged the inclusion of the "sniff" evidence in the district court, and moved for a Franks hearing to show that the authorities could not have collected such evidence without trespassing on his property in violation of the Fourth Amendment.
 
 
 9
 The district court determined that the informants' statements and the corroborating evidence were enough to support probable cause without the "sniff" evidence, and denied Page's motion for a Franks hearing. Page argues that the district court erred by concluding that probable cause was established without the illegal "sniff" evidence. He contends that the informant's statements were hearsay, the details of which were too innocuous to show that the informant had any first-hand knowledge of the Pages. He further argues that Dudley's information, gleaned from conversations he had seven months before the search, was stale, and that it was not meaningfully corroborated by the records Dudley subpoenaed. We disagree.
 
 
 10
 The confidential informant reported both general information about Page and specific information about Page's history that was not available to a casual observer. Records and subsequent observation corroborated everything the informant reported. Page's power records supported the informant's claims that Page was cultivating marijuana in his basement, and the continuing high levels of power consumption supported the inference that the operation was ongoing. Finally, Dudley went to some lengths to foreclose other, legal explanations for Page's power consumption and his prosperity. We conclude that under the totality of the circumstances, Dudley's affidavit, purged of the "sniff" evidence, supported probable cause to search Page's house. See Illinois v. Gates, 462 U.S. at 238; Flores, 679 F.2d at 176.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Page's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government correctly notes that, had Page prevailed in this appeal, the appropriate relief would have been a remand to the district court for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978)
 
 
 [2]
 The government argues that, because the district court did not explicitly rule that the agents' statements concerning the "sniff" were false, we are free to review the affidavit intact, with the "sniff" statements included. We disagree. The district court excised the statements for argument's sake in deciding whether to hold a Franks hearing. We cannot affirm the district court's finding of probable cause relying on challenged evidence which the district court explicitly did not consider