802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
FRANK D. WOODS, Defendant-Appellant.
 No. 85-3055.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1986.
 
 BEFORE: KENNEDY and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellnt, Frank D. Woods, appeals from criminal convictions on 12 counts related to the distribution of heroin. Woods contends (1) that the district court erred in failing to suppress evidence found in Woods's residence and (2) that he was denied effective assistance of counsel. For the reasons set forth below, we affirm the convictions.
 
 
 2
 The police searched Woods's residence after securing a search warrant issued by a magistrate on the basis of an extensive affidavit. Prior to trial, Woods moved to suppress the evidence secured as a result of the search, contending that the affidavit did not establish probable cause that contraband or evidence of a crime would be found at Woods's residence. The district court denied the motion.
 
 
 3
 On appeal, Woods again contends that the evidence should have been suppressed, this time because of alleged motives and bias of "Source 2," a confidential informant who had provided much of the information included in the affidavit, and because the government refused to disclose the identity of "Source 2" at the suppression hearing. The contentions with respect to bias and motive go beyond the four corners of the affidavit and are therefore not within our review under Illinois v. Gates, 462 U.S. 213 (1983). Rather, a defendant may go outside of the affiadvit to challenge probable cause to issue a search warrant only by making a substantial showing that the affidavit contains deliberate falsehoods or reckless disregard for the truth, without which the affidavit would be an insufficient basis for the warrant. Franks v. Delaware, 438 U.S. 154 (1978); United States v. Stanert, 762 F.2d 775, modified 769 F.2d 1410 (9th Cir. 1985); United States v. Jenkins, 728 F.2d 396, 397 (6th Cir. 1984). Woods has made no such showing.
 
 
 4
 Furthermore, because the government is not required to disclose at a suppression hearing the identity of a confidential informant, United States v. Raddatz, 447 U.S. 667, 679 (1980); McCray v. Illinois, 386 U.S. 300 (1967), the government's failure to disclose at the suppression hearing the identity of "Source 2" is not grounds to suppress the evidence nor was Woods denied his Sixth Amendment right to effective assistance of counsel because his attorney did not pursue more vigorously the issue of the identity of "Source 2" at the suppression hearing.
 
 
 5
 Accordingly, we AFFIRM the convictions.