12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael J. HALL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John J. HALL, Defendant-Appellant.
 Nos. 93-10015, 93-10016.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1993.
Decided Dec. 3, 1993.
 
 Before: ALARCON, LEAVY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael J. Hall and John J. Hall (the Halls) appeal from their judgment of conviction, entered pursuant to a conditional guilty plea. They contend that the district court erred in denying their motion to obtain an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). The Halls argue that they made a sufficient preliminary showing that 1) the search warrant affidavit contained statements that were knowingly and intentionally false or made with reckless disregard for the truth; and 2) these false statements were necessary to the finding of probable cause. We agree. Accordingly, we reverse and remand with directions that the district court conduct an evidentiary hearing to determine whether the challenged statements were false and if they were made knowingly and intentionally, or with reckless disregard for the truth.
 
 I.
 
 3
 On December 23, 1991, the Halls' residence was listed for sale. On that date, two Drug Enforcement Administration (DEA) agents, posing as potential home buyers, entered the residence with a real estate agent. Thereafter, Special Agent Daniel C. Ortega applied for a warrant to search the Halls' residence.
 
 
 4
 In the affidavit filed in support of the search warrant application, Special Agent Ortega alleged that he and Special Agent Gregory Bratten observed marijuana plant residue and seeds on the carpet underneath a crawl space door in the basement of the residence. Special Agent Ortega also related that Special Agent Bratten was able to look through a "crack" between the crawl space door and its trim. Special Agent Ortega further alleged that Special Agent Bratten was able to observe a bright light and a green plant located in the crawl space by looking through this crack.
 
 
 5
 The Halls filed a motion to obtain a Franks evidentiary hearing. They asserted that Special Agent Ortega's search warrant affidavit contained false statements. In support of their motion, the Halls submitted the affidavit of an investigator, Randy Flocchini. Mr. Flocchini examined the crawl space door and the trim surrounding the door on three separate occasions. Mr. Flocchini alleged in his affidavit that the crawl space door did not fit squarely into the door frame, leaving a gap of approximately 3/8 of an inch, through which only the inner framework of the door could be observed. Mr. Flocchini alleged further that light could be observed in the crawl space beneath the residence, but it was not possible to see whether the lights were bright, or if there were any objects such as green plants within the crawl space.
 
 
 6
 Mr. Flocchini also alleged that he conducted an experiment to determine what could be observed through the gap in the crawl space trim. Mr. Flocchini illuminated the interior of the crawl space area and placed a green silk plant directly next to the door and at various distances ranging up to six feet away. Mr. Flocchini asserted that he could not see the plant at any of these distances. Based on his own observation and the experiment, the investigator concluded that the DEA agent's allegations about his observations through the crawl space door were false.
 
 
 7
 The Halls also submitted the affidavit of the real estate agent who accompanied the DEA agents through the residence. Mr. Earl Crank alleged that he could not recall seeing any plant residue or plant seeds underneath the crawl space door. Mr. Crank asserted that he believed he would have noticed any plant residue or seeds because of the DEA agents' inordinate interest in the crawl space area. John J. Hall also submitted his own affidavit in support of a Franks hearing. He alleged Special Agent Ortega could not have observed any marijuana residue or seeds on the floor because the marijuana plants had not been harvested or moved from the crawl space area.
 
 
 8
 The district court decided the Franks issue solely on the moving papers and affidavits, without scheduling a hearing so that counsel could argue the proffered evidence. The court denied the motion because it concluded that the evidence presented by the Halls did not allege evidence that would tend to show that Special Agent Ortega intended to deceive the magistrate judge.
 
 II.
 
 9
 A district court's decision to grant or deny an evidentiary hearing pursuant to Franks v. Delaware is reviewed de novo. United States v. Lingenfelter, 997 F.2d 632, 639 (9th Cir.1993).
 
 
 10
 To obtain an evidentiary hearing to challenge the truth of allegations in an affidavit filed in support of an application for a search warrant, a defendant must make a substantial preliminary showing that 1) the statements made in the affidavit actually were false and that the falsity either was deliberate or resulted from reckless disregard of the truth; and 2) the challenged statements are material to the finding of probable cause--i.e. the affidavit purged of the false statements is not sufficient to support a finding of probable cause. Franks v. Delaware, 438 U.S. 154, 155-56 (1978); United States v. Chesher, 678 F.2d 1353, 1360 (9th Cir.1982). "The decision to hold a Franks hearing is a determination about the legal sufficiency of a set of allegations, much like the district court's ruling on a Fed.R.Civ.P. 12(b)(6) or summary judgment motion." United States v. Ritter, 752 F.2d 435, 439 (9th Cir.1985).
 
 
 11
 The evidence offered by the Halls meets the substantial showing of falsity requirement. See, e.g., United States v. Johns, 851 F.2d 1131, 1134 (9th Cir.1988) (Franks hearing required where defendants alleged they never engaged in activities that produced the odor the officers claimed they smelled, and submitted expert affidavits asserting the officers' allegations were necessarily false because it was scientifically impossible to smell an odor given the contents of the area that was searched). Mr. Flocchini's allegations directly contradicted material facts on the issue of probable cause set forth in Special Agent Ortega's affidavit. If Mr. Flocchini's allegations are true, it may have been physically impossible for the DEA agents to see bright lights or growing plants in the crawl space area beneath the residence.
 
 
 12
 The district court ruled that the Halls' evidence tended to show that the affidavit contained false allegations that were material to the finding of probable cause. Nevertheless, the court denied the motion for a Franks hearing because the Halls did not "allege evidence that the would tend to show that the affiant acted knowingly and intentionally to deceive the Magistrate Judge or that he acted with a reckless disregard for the truth."
 
 
 13
 The district court correctly concluded that the challenged statements are material to a finding of probable cause. Without the agents' observations of marijuana residue and cultivation equipment, the affidavit alleges nothing more than an increase in power usage and a confidential informant's statement that sometime in December 1991 the basement of the home smelled like marijuana. We are persuaded by our independent review of the evidence proffered by the Halls that the district court erred in concluding that such proof, if believed, would be insufficient to support an inference that the DEA agents deliberately or recklessly disregarded the truth in order to deceive the magistrate judge. We have examined the photographs which the government attached to its opposition to the motion for a Franks hearing. The photographs do not refute the defendants' showing that a Franks hearing was necessary. See, e.g., United States v. Davis, 714 F.2d 896, 898-900 (9th Cir.1983) (affiant signed statement in the first person knowing it would mislead the magistrate into believing affiant had first-hand knowledge of facts contained therein); United States v. Stanert, 762 F.2d 775, 781 (9th Cir.) (affiant stated that he had investigated a lab explosion at the suspect's house the year before, but recklessly failed to mention the suspect purchased and moved into the residence after the explosion), amended, 769 F.2d 1410 (9th Cir.1985).
 
 
 14
 Our determination that a substantial showing was made that the DEA agent's affidavit contained a reckless or deliberate false allegation on a material point to influence the magistrate judge's decision compels us to reverse the judgment and direct the district court to conduct an evidentiary hearing. In concluding that a sufficient foundation was laid to require a Franks hearing, we express no view as to the credibility of any witness, or the persuasive impact of the conflicting evidence. Such decisions can only be made after the witnesses have testified.
 
 
 15
 REVERSED and REMANDED with directions that the district court conduct an evidentiary hearing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3