**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**ABRAHAM SAMANA, aka APELU SAMANA, and ABIGAIL
SAMANA, Defendant**

High Court of American Samoa
Trial Division

CR No. 72-95
CR No. 73-95

July 15, 1996

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel:     For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
             For Defendant Abraham Samana, Reginald E. Gates
             For Defendant Abigail Samana, David P. Vargas

Order Quashing Search Warrant and Suppressing Evidence:

## I. INTRODUCTION

On December 21, 1995, plaintiff American Samoa Government ("ASG") filed an information charging defendant Abraham Samana ("Abraham") with unlawful production of the controlled substance of marijuana and both defendants with unlawful possession of the same controlled substance.

Since then, we have held numerous proceedings on the question of whether the search warrant under which ASG's primary evidence was seized was valid. The defendants have repeatedly challenged the veracity the affidavit by Officer Paolo Leuma ("Leuma"), which was the basis for the issuance of the search warrant. Eventually, these proceedings led to the *in camera* examination of ASG's confidential informant. Then, on June 6, 1996, with all counsel present, a *Franks* hearing was held in which Leuma was examined under oath.

## II. FACTS

The facts are substantially as recited in our earlier orders. *See American*

*Samoa Gov't v. Samana*, 30 A.S.R.2d 1 (Trial Div. 1996) (Order Denying Motion for *In Camera* Hearing); *American Samoa Gov't v. Samana*, 30 A.S.R.2d 37 (Trial Div. 1996) (Order for *In Camera* Hearing with Confidential Informant). During these hearings it was revealed that information in Leuma's affidavit to secure a search warrant was false. In particular, Leuma's affidavit stated that a confidential informant had told Leuma that he, the informant, had purchased marijuana from Abraham at the defendants' residence on December 2, 1995. However, two witnesses testified at the hearing on May 2, 1995 that both defendants were at a relative's wedding at the precise time during which the sale allegedly took place, resulting in the May 8 order.

When questioned in the most recent hearing on June 6, Leuma affirmed that the informant had initially told him that Abraham had sold him drugs at the defendants' residence at the time specified on December 2, 1995. However, Leuma also stated that after the warrant issued, but before it was executed, the informant told Leuma that it was not Abraham who had sold him the drugs, but the defendants' daughter. The informant had never even met the defendants. Leuma executed the warrant, seizing evidence that is the basis of the current prosecution.

### III. DISCUSSION

The United States Supreme Court has held that a defendant can challenge a facially valid warrant by showing that (1) the affidavit contains information "that the affiant knew was false or would have known was false but for his reckless disregard for the truth," *United States v. Stanert*, 762 F.2d 775, 780 (9th Cir. 1985); and (2) that, absent the false information, the affidavit would not support a showing of probable cause to issue the warrant. *United States v. Leon*, 468 U.S. 897, 923 (1984); *Franks v. Delaware*, 438 U.S. 154 (1978). Once the defendant makes a preliminary showing, the court must hold a hearing at the defendant's request. *Franks*, 438 U.S. at 155-56. At that hearing, if the court concludes that the magistrate was misled by information in the affidavit that was intentionally or recklessly false, then the evidence gained under the warrant must be suppressed. *Leon*, 468 U.S. at 923.

All of the *Franks* cases we have read deal with the situation where the affiant knowingly or recklessly disregarded the truth at the time of making the affidavit. We have found no cases in which the officer discovered that the affidavit contained substantially false matter after the warrant was issued, but before the warrant was executed. Where this is the case, however, and where the officer reasonably should have known that the falsity casts doubt on the probable cause presented by the affidavit but does nothing about it, then suppression continues to be the correct remedy.

100

■ The United States Supreme Court has repeatedly said that the exclusionary rule is primarily meant as a deterrent to the misconduct of police officers. *See Leon*, 468 U.S. at 694-97; *United States v. Peltier*, 422 U.S. 531, 539 (1975); *Michigan v. Tucker*, 417 U.S. 433, 447 (1974). Under the U.S. Constitution, the exclusionary rule operates as "a judicially created remedy designed to safeguard Fourth Amendment rights generally by its deterrent effect, rather than a personal constitutional right of the party aggrieved." *United States v. Calandra*, 414 U.S. 338, 348 (1974). In American Samoa, however, the exclusionary rule is set forth in the Constitution, Am. Samoa Const. art I § 5, and we have held that it has greater reach than the exclusionary rule applied by courts under the Fourth Amendment. *See, e.g., ASG v. Stephens*, 29 A.S.R.2d 6 (Trial Div. 1996) (holding that there is no "good faith" exception to the exclusionary rule); *ASG v. Sefo*, 21 A.S.R.2d 32, 36 (Trial Div. 1992) (holding that police conduct is not a factor to be considered in suppressing a confession following an illegal arrest); *ASG v. Samana*, 8 A.S.R.2d 1, 3 (Trial Div. 1988) (holding that the exclusionary rule applies to probation-revocation proceedings). It may very well be correct to characterize the exclusionary rule as a personal constitutional right in this jurisdiction.

However, in this case, we need not go that far. Even if we were to look only at the deterrent effects of the exclusionary rule,[1] the officer's conduct in this case would require the application of that rule. In this case, Leuma received information clearly indicating to him that an unexecuted warrant had been issued upon false information. Had he received the information before making his affidavit, he would have been required to provide the correct information in the affidavit. Had he received the information after making his affidavit but before the warrant issued, he would have been required to provide the correct information to the judge before the warrant issued.

---

[1] We have made statements in the past to the effect that "the culpability of the police is not a factor in the American Samoa scheme [of applying the exclusionary rule]," *Sefo*, 21 A.S.R.2d at 36, and that the "policy reasons [underlying the development of the exclusionary rule under the Fourth Amendment] have been rendered irrelevant by the framers of the territorial constitution," *Samana*, 8 A.S.R.2d at 3. These statements are not wholly accurate, however. It is more precise to say that the culpability of the police and the policy reasons underlying the development of the federal exclusionary rule are not applicable in American Samoa when the lack of culpability or the underlying policies argue *against* exclusion under the Fourth Amendment. However, because the American Samoa exclusionary rule is broader than the federal rule, it stands to reason that where police culpability or the policies underlying the federal rule argue *for* exclusion under the Fourth Amendment, they would argue just as strongly, if not more strongly, for exclusion under the American Samoa Constitution.

■ We hold today that when material information tending to seriously undermine the probable cause upon which a warrant was issued is received by the officer before the warrant is executed, the officer must provide this new information to the judge and have the warrant modified or have a new warrant issued. If he does not, and if the new information eliminates the basis for probable cause supporting the warrant, the warrant must be quashed and all evidence obtained under it suppressed.

In a way, the rule we announce today is a corollary to the "good faith" rule under the Fourth Amendment. *See United States v. Leon*, 468 U.S. 897 (1984). Under that rule, which is not applicable in American Samoa, *see ASG v. Stephens*, 29 A.S.R.2d 6 (Trial Div. 1996), evidence will not be suppressed where an officer seizes it "in objectively reasonable reliance on a subsequently invalidated search warrant," that is, where a facially valid warrant is executed by the officer in "good faith." *Leon*, 468 U.S. at 698. In the present case, however, the officer's actions are akin to executing a warrant in "bad faith." That is, after Leuma had sworn an affidavit and received a warrant, he received information indicating that the core information in his affidavit was incorrect and that the warrant was issued upon false information. Still, he proceeded to execute the warrant.

■ In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court reaffirmed that, in executing a warrant, an officer must have an objectively reasonable basis for relying upon the technical sufficiency of the warrant and the judge's determination of probable cause.[2] *See also Leon*, 468 U.S. at 698 & n.23. The same rule applies in American Samoa. The officer must objectively and reasonably believe that the judge's determination of probable cause was correct. Where an officer has gained information showing that the judge's determination of probable cause was erroneous, he

---

[2] In *Harlow*, the Court eliminated the subjective component of the qualified immunity public officials enjoy in suits seeking damages for alleged deprivations of constitutional rights. The objective component, however, remains. Although that situation is not precisely analogous to a motion to suppress evidence, the Court has recognized its extension to the latter situation. *See Leon*, 468 U.S. 698 & n.23. The Court has further stated that it is not objectively reasonable for an officer to rely on a warrant issued when the magistrate has wholly abandoned his judicial role, *see Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319 (1979), when a warrant has been issued upon an affidavit "so lacking in probable cause as to render official belief in its existence entirely unreasonable," *see Brown v. Illinois*, 422 U.S. 590, 610-11 (1975) (Powell, J., concurring in part), or when a warrant is substantially facially deficient, *see Massachusetts v. Sheppard*, 468 U.S. 981 (1984).

cannot reasonably believe the opposite. The original warrant is effectively invalid. If the new information provides a new basis for probable cause, the officer can return to the court with a new affidavit and have the warrant modified or have a new warrant issued. However, where the officer proceeds to execute the original warrant instead of returning to the district court, the evidence seized must be suppressed.

■ Finally, we note that our pronouncement today applies only to those situations where the new information substantially undermines the judge's determination of probable cause. Thus, as in any *Franks* inquiry, the test is two-pronged: (1) did the officer knowingly or recklessly disregard the truth--that is, after the warrant was issued, did the officer fail to provide newly-acquired, material information to the judge about the falsity of the earlier affidavit; and (2) absent the false information, does the affidavit lack probable cause for the issuing of the warrant? If the answer to either of these inquiries is negative, then the warrant remains valid and the evidence will not be suppressed.

In the present case, Leuma learned that the information contained in his earlier affidavit concerning the drug sale to the confidential informant was false. He did not notify the district court judge, but instead executed the warrant. Striking the false information about the drug sale from the affidavit, as we must under the second prong of the *Franks* inquiry, it is clear that the affidavit does not provide probable cause to issue a warrant. The information in the affidavit about the drug sale to the confidential informant makes up the heart of the probable cause to issue the warrant. There is no probable cause without it. Had Leuma returned to the judge with the new information, it is quite likely that a new showing of probable cause would have been made and that a new warrant could have issued, leading to seizure of precisely the same evidence now before the court. However, this is not what happened, and we will not create a valid warrant out of an invalid one.

Therefore, the warrant must be quashed and the evidence seized during its execution must be suppressed.

It is so ordered.