116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appelee,
v.
Javier GONZALEZ, Defendant-Appellant.
 No. 96-50357.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1979**
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-95-00982-TJH-3; Terry J. Hatter, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Javier Gonzalez-Pelayo (Gonzalez) appeals the district court's denial of his motion to suppress evidence seized during a search of the home where he worked in Goodhope, California. Gonzalez contends the district court erred in denying an evidentiary hearing under Franks v. Delaware, 438 U.S. 154 (1978). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Gonzalez contends that Detective Bolanos's affidavit filed in support of the search warrant recklessly included false information and omitted material information from the affidavit.
 
 
 4
 The district court's denial of a Franks hearing is reviewed de novo. See United States v. Motz, 936 F.2d 1021, 1024 (9th Cir.1991). A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying the warrant if he can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information. See United States v. Stanert, 762 F.2d 775, 780-81 (9th Cir.1985); Franks, 438 U.S. at 155-56. The Fourth Amendment requires that a hearing be held at the defendant's request if he can make such a showing. See Stanert, 762 F.2d at 780-81.
 
 
 5
 In his affidavit, Bolanos stated that blue and orange cans, which appeared to be acetone, were taken out of the trunk of a car parked near the Goodhope house. In addition, Bolanos stated that he received information from detective Wilhite that a clerk at Frameco Hardware told Wilhite that a Mexican male entered the store and purchased six orange and blue cans of acetone. It was later determined that Frameco did not sell acetone in orange and blue cans. The affidavit also stated that Urias, one of the suspects at the Goodhope residence, was arrested for transporting a controlled substance and possession of ephedrine which is used in the manufacture of methamphetamine. The affidavit omitted the fact that Urias was never convicted of this offense and the charges were dismissed.
 
 
 6
 The clerk at Frameco said some Mexican men had purchased denatured alcohol, acetone, muriatic acid, rubber gloves and other assorted items. All of these items are used in manufacturing methamphetamine. Detective Wilhite stated in his declaration that he did not remember asking or the store clerk telling him the color of the acetone cans and there was a miscommunication between Bolanos and himself about this fact. See Franks, 438 U.S. at 165 (the law demands that the affiant believed that the information gathered for the warrant affidavit was true). The manager of Frameco also submitted a declaration and he stated Frameco only sells the "Ace" brand of acetone which comes in a yellow and white container. The discrepancy regarding the colors of the cans does not render the statement intentionally or recklessly false. See id. (every fact in the affidavit need not be true because probable cause may be based on hastily gathered information).
 
 
 7
 Gonzalez does establish that Bolanos's failure to include the fact that Urias was not convicted of possession of ephedrine was a reckless or intentional omission that was misleading. Even if the affidavit spoke only in terms of an arrest, the failure to inform the judge of the apparent disposition of the charge may have been misleading. See Stanert, 762 F.2d at 781. The inclusion of the information regarding Urias would weaken the significance of Urias's arrest for possession of ephedrine. See id.
 
 
 8
 Although Bolanos omitted the fact that Urias was never convicted of the possession charge, if the warrant affidavit had included the information on the disposition of Urias's arrest it would still be sufficient to support a finding of probable cause. See United States v. Burnes, 816 F.2d 1354, 1357 (9th Cir.1987) (in determining whether the affidavit established probable cause, a "totality of circumstances" should be used).
 
 
 9
 Here, Bolanos's affidavit stated the following: 1) acetone and ephedrine were observed being unloaded from vehicles at the Meadow Lane residence; 2) after a helicopter flew over the residence, suspects hurriedly left the residence in a white Camaro registered to a person arrested one month earlier for possessing thirty pounds of ephedrine, and for whom an arrest warrant was outstanding; 3) a heavily laden plastic trash bag that appeared to contain plastic bottles used to hold ephedrine was removed from the Camaro; 4) the suspects were moving about the residence in a counter-surveillance mode and one suspect had a gun; 5) the suspects bought ice and ice is used in the manufacture of methamphetamine; and 6) the opinion of an experienced officer was that his overall observations suggested methamphetamine manufacturing. See Motz, at 936 F.2d 1024 (the opinions and conclusions of an experienced agent regarding a set of facts are properly a factor in the probable cause equation under the totality of the circumstances test). Because the affidavit submitted by Detective Bolanos was sufficient to support a finding of probable cause in spite of the alleged false or reckless omission, the district court did not err in refusing to hold a Franks hearing. See Burnes, 816 F.2d at 1358.[1]
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Given the disposition on appeal, there is no need to reach the issue of whether the good faith exception to the exclusionary rule under United States v. Leon, 468 U.S. 897 (1984) applies