**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lushawn ODELL, Defendant— Appellant.**

**No. 01–50694.**

**D.C. No. CR–01–00313–AHM–1.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Oct. 24, 2002.

Before HUG, BRUNETTI, and O'SCANNLAIN, Circuit Judges.

## MEMORANDUM *

Lushawn Odell appeals the denial of his motion to suppress evidence recovered during a search of his residence and the sentence that was imposed after he entered a conditional guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Odell argues that the underlying affidavit for the search warrant upon which the police officers relied was not supported by probable cause and that the officers did not act in good faith. Because we find that the officers executing the search warrant acted in good faith, we do not reach the issue of probable cause.

Odell contends that the good faith exception cannot apply because of false misstatements and omissions made in the affidavit for the warrant. Additionally, Odell asserts that the affidavit was lacking in indicia of probable cause and that the warrant was deficient for failing to particularize. We reject Odell's contentions.

In determining whether the good faith exception applies, the inquiry concerns whether it is objectively reasonable for an officer to rely on the "magistrate's probable-cause determination and on the technical sufficiency of the warrant." *United States v. Leon*, 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *see also United States v. Clark*, 31 F.3d 831, 835 (9th Cir.1994) (the question is whether "a reasonably well-trained officer would have known that this particular search was illegal despite the magistrate judge's authorization."). There are instances in which the good faith exception will not be applicable. For example, the good faith exception does not apply if the judge issuing "a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth" or if there were reckless omissions. *Leon*, 468 U.S. at 923, 104 S.Ct. 3405; *see also United States v. Stanert*, 762 F.2d 775, 781 (9th Cir.1985) (holding "that the Fourth Amendment mandates that a defendant be permitted to challenge a warrant affidavit valid on its face when it contains deliberate or reckless omissions of facts that tend to mislead."). It will also not apply if the warrant is so facially deficient in failing to particularize the items to be seized that "the executing officers cannot reasonably presume it to be valid." *Leon*, 468 U.S. at 923.

Additionally, the good faith exception will not apply if the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Leon*, 468 U.S. at 923 (citations omitted). However, if the affidavit sets forth sufficient information to support a plausible theory that the items to be searched for may be found at the place to be searched, then the good faith exception will apply. *United States v. Fowlie*, 24 F.3d 1059, 1067 (9th Cir. 1994). None of the foregoing reasons to not apply the good faith exception are applicable in this case.

Here, the officer who submitted the affidavit upon which the warrant was based was also one of the officers who executed the warrant. Odell did not show that the affiant officer deliberately made any misstatements or omissions that would affect the judge's decision to issue the warrant.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Also, the warrant was not so facially deficient that the executing officers would be unable to reasonably rely on it. Additionally, the warrant was not lacking an "indicia" of probable cause because the affidavit set forth a plausible theory that evidence might be found at Odell's residence. Thus, because the affiant officer presented legitimate facts to the judge in an affidavit, no deliberate misstatements or omissions were made, and a warrant was issued on those facts, he was justified in believing he was acting in good faith in executing the warrant.

Because the evidence may be admitted under the good faith exception we do not make a finding as to whether the warrant was supported by probable cause. Therefore, we affirm the district court's denial of Odell's motion to suppress evidence and affirm the conviction and the sentence that was imposed.

AFFIRMED.