**Christopher OLENZAK, Plaintiff—Appellant,**

v.

**ALAMEDA COUNTY REGIONAL AUTO THEFT TASK FORCE; Alameda County Sheriff's Department, Defendants,**

and

**Robert J. O'Keefe; Paul Vinson; S. Kowalewski; D.O. Helmick, Defendants—Appellees.**

No. 01–16624.

D.C. No. CV–99–03607–MMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Nov. 26, 2002.

Before B. FLETCHER, ARNOLD* and RAWLINSON, Circuit Judges.

MEMORANDUM**

Plaintiff/Appellant Christopher Olenzak ("Olenzak") appeals the district court's grant of summary judgment in favor of California Highway Patrol Officer Robert O'Keefe ("Officer O'Keefe") on his 42 U.S.C. § 1983 claims, and the district court's dismissal of his § 1983 claims against O'Keefe's supervising officers.

Olenzak asserts that Officer O'Keefe's omission in his warrant affidavit of the fact that eyewitnesses said there was a gap between Olenzak's teeth materially affected the magistrate's decision in finding probable cause. Olenzak also contends that O'Keefe falsified his warrant request by omitting such facts, violating Olenzak's constitutional rights. However, even if the "gap-tooth" description had been included, the affidavit still contained sufficient additional information to support issuance of the warrant. Accordingly, Olenzak fails to meet the standard set forth in *United States v. Stanert,* 762 F.2d 775, 782 (9th Cir.1985). "A defendant challenging an affidavit must also show that the affidavit purged of those falsities and supplemented by the omissions would not be sufficient to support a finding of probable cause." *Accord Liston v. County of Riverside,* 120 F.3d 965, 973 (9th Cir.1997) (citation omitted). Because Olenzak's threshold constitutional claim fails, there is no need to reach the qualified immunity analysis. *See*

* The Honorable Richard S. Arnold, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Butler v. Elle*, 281 F.3d 1014, 1021 (9th cir.2002) (requiring finding of a constitutional violation before qualified immunity analysis is triggered). Therefore, the district court did not err in granting summary judgment in favor of Officer O'Keefe.

Olenzak's claim of failure to train and/or supervise also fails, because absent a constitutional violation, no supervisory liability exists. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir.2001).

**AFFIRMED.**

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.