**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50351 |
| Plaintiff - Appellee, | D.C. No. CR-03-00847-ABC-02 |
| v. | |
| BOBBY THOMPSON, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted November 3, 2009
Pasadena, California

Before: T.G. NELSON, BYBEE and M. SMITH, Circuit Judges.

Bobby Lee Thompson appeals the district court's denial of his motion to

suppress a wiretap for lack of necessity and its refusal to hold a hearing pursuant to

*Franks v. Delaware*, 438 U.S. 154 (1978), regarding alleged omissions from the

wiretap affidavit. Thompson also claims that the district court erred in allowing

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

him to represent himself at trial, and in denying his subsequent request for reappointment of counsel. Here we address Thompson's claims only to the extent that they involve the wiretap; his other claims are addressed in a separate, concurrently filed, published opinion. Because the parties are familiar with the facts, we do not supply them here except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

We review de novo whether the information submitted in an affidavit amounts to a "full and complete statement of the facts" pursuant to 18 U.S.C. § 2518(1)(c). *See United States v. Canales Gomez*, 358 F.3d 1221, 1224 (9th Cir. 2004). If a full and complete statement of facts was submitted, we review the decision that the wiretap was necessary for an abuse of discretion. *United States v. Blackmon*, 273 F.3d 1204, 1207 (9th Cir. 2001).

The affidavit sufficiently describes the DEA's use of various investigative techniques and why those techniques were reasonably unlikely to succeed in the future. Thompson does not present any information that would have influenced the issuing judge's decision that a wiretap of the target telephone was necessary to identify "Len." *Cf. United States v. Ippolito*, 774 F.2d 1482, 1485-86 (9th Cir. 1985) ("[I]t is necessary to evaluate the hypothetical effect of knowledge of the existence of a potentially useful informant on the original district court's determination that a wiretap was necessary. If it would have no effect, then the

misstatement would not be material.").  In addition, "[l]aw enforcement officials need not exhaust every conceivable investigative technique before seeking a wiretap order."  *United States v. Staves*, 383 F.3d 977, 982 (9th Cir. 2004). Therefore, the wiretap application contains a full and complete statement of facts under 18 U.S.C. § 2518(1)(c), and the issuing court did not abuse its discretion in concluding that the wiretap was necessary.  *See Canales Gomez*, 358 F.3d at 1224.

The district court also properly denied Thompson a *Franks* hearing because he fails to show that any of the alleged omissions renders the wiretap affidavit misleading.  *See United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985) (a defendant is permitted to challenge a warrant affidavit valid on its face "when it contains deliberate or reckless omissions of facts that tend to mislead").

**AFFIRMED**.