**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

SALVADOR PULIDO VALENCIA,

       Defendant - Appellant.

</td><td>

No. 13-30195

D.C. No. 2:12-cr-02001-RMP-1

MEMORANDUM[*]

</td></tr>
<tr><td>

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

VICTOR HUGO SANTA CRUZ
BARRIGA,

       Defendant - Appellant.

</td><td>

No. 13-30197

D.C. No. 2:12-cr-02001-RMP-2

</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Argued and Submitted July 9, 2014

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Seattle, Washington

Before: ALARCÓN, KLEINFELD, and MURGUIA, Circuit Judges.

Salvador Pulido Valencia and Victor Hugo Santa Cruz Barriga appeal the district court's denial of their motions to suppress. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.	We conclude that reasonable suspicion supported the stop of the truck. *See United States v. Palos-Marquez,* 591 F.3d 1272, 1274-75 (9th Cir. 2010). The investigating officers reasonably suspected that the truck's occupants were acting with a methamphetamine supplier and were on their way to meet with the cooperating methamphetamine purchaser to complete a methamphetamine sale.

2.	The stop was also reasonable in its duration. Once the cooperating source identified the driver and passenger, the officers had probable cause to search the truck and therefore to detain the driver and passenger until the search warrant arrived. *See Chambers v. Maroney*, 399 U.S. 42, 50-52 (1970) (holding that seizing and holding a car on probable cause until a search warrant is obtained is reasonable under the Fourth Amendment).

3.	Even assuming that Officer Lee deliberately or recklessly did not tell Agent Leahy about the negative drug dog sniffs, the omitted drug dog sniffs were not material. *See Franks v. Delaware*, 438 U.S. 154, 156 (1978); *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985) (extending *Franks* to deliberate or

reckless omissions). In light of the totality of the circumstances, the probable cause affidavit still would have established a "fair probability" that contraband would be found in the truck, even if the negative sniffs were included. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).

**AFFIRMED.**