**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  19-30079 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 4:17-cr-00068-BMM-1 |
| BRANDON CORDELL BENNETT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted May 14, 2020**
Portland, Oregon

Before:  BYBEE and VANDYKE, Circuit Judges, and CHHABRIA,*** District Judge.

After reserving his right to appeal from the denial of his motion to suppress,

Brandon Bennett pleaded guilty to receipt of child pornography in violation of 18

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***        The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

U.S.C. § 2252(a)(2). We have jurisdiction over his appeal under 28 U.S.C. § 1291.

Bennett contends that Detective Price violated the Fourth Amendment by omitting several material facts from the warrant application to search Bennett's phone. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *United States v. Stanert*, 762 F.2d 775, 780–81 (9th Cir. 1985). After conducting an evidentiary hearing, the district court found that Detective Price intentionally omitted only that Bennett had recently been acquitted of incest in state court. The district court denied the motion to suppress, reasoning that the warrant would have been supported by probable cause even had Detective Price included the acquittal in his affidavit.

We review for clear error the district court's findings as to whether the omissions were purposeful or reckless. *See United States v. Perkins*, 850 F.3d 1109, 1115 (9th Cir. 2017). Although the district court's conclusion that Detective Price himself did not omit the remaining information intentionally or with reckless disregard for the truth was not clearly erroneous, the question whether the district court committed clear error at the first step of *Franks* is complicated by the fact that the attorney assisting Detective Price with the affidavit was the lead counsel in the prior trial and had independent knowledge of the facts. *See United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992) ("A deliberate or reckless omission by a government official who is not the affiant can be the basis for a *Franks*

19-30079

suppression.").

We affirm the denial of the motion to suppress on the alternative ground that probable cause would have existed to search Bennett's phone even if all the omissions identified by Bennett had been included in the warrant application. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009). True, the omitted facts could support an inference that Jane Doe's mother coaxed Jane into accusing Bennett of taking the photos so that law enforcement would have justification for accessing Bennett's phone. But this does not negate any of the "facts necessary to the finding of probable cause." *Cameron v. Craig*, 713 F.3d 1012, 1020 (9th Cir. 2013) (internal quotation marks omitted). Considering the totality of the facts— including Jane's prior reports of molestation and the fact that Jane provided a consistent account of Bennett taking the photos to both her counselor and the forensic interviewer—a fair probability existed that Jane was telling the truth and that evidence of the crime would be found on Bennett's phone. *Cf. Perkins*, 850 F.3d at 1122; *Stoot v. City of Everett*, 582 F.3d 910, 919–21 (9th Cir. 2009).

**AFFIRMED.**

19-30079