35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Vernon PUGH, Defendant-Appellant.
 No. 93-30443.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1994.
Decided Sept. 13, 1994.
 
 Before: WRIGHT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. Although the marijuana odor and root balls were detected near the barn on Pugh's property, they were properly considered in determining probable cause because the barn was outside the residential curtilage. The barn was 100 feet from the house, the barn and house were not surrounded by a single enclosure, the property was not fully fenced or shielded from the observation of passersby, and the barn neither was, nor was believed by the police to be, used for intimate personal activities. United States v. Dunn, 480 U.S. 294, 301 (1987) (listing factors determining scope of residential curtilage). Moreover, if there was no invasion of business curtilage in Dunn, where the officers walked up to the edge of a barn and looked inside through a doorway, there surely was none here. Id. at 303-05.
 
 
 3
 2. Any incorrect information in the affidavit supporting the search warrant application was harmless. The district court correctly found that Pugh hadn't met his burden under United States v. Stanert, 762 F.2d 775 (9th Cir.1985), of showing that "the affidavit purged of its falsities would not be sufficient to support a finding of probable cause." Id. at 780; ER tab 54 at 11-12.
 
 
 4
 3. The magistrate and district court found that even without the evidence from the Forward Looking Infrared Device (FLIR), the smell of marijuana and the marijuana root balls established probable cause. We need not decide, therefore, whether the warrantless use of the FLIR violated the Fourth Amendment.
 
 
 5
 4. If the police failed to knock and announce before entering the outer door of the barn, the error was harmless because they didn't discover any evidence on opening that door. There is ample testimony in the record to support the magistrate's finding that the officers knocked and announced at the inside door, and that Pugh opened that door, saw the officers and tried to close the door in their faces. ER tab TR-SS at 172-73 (testimony of Officer Piper); id. at 126-27 (testimony of Officer Ross); ER tab 47 at 26 (Magistrate's Report and Recommendation). The requirements of 18 U.S.C. Sec. 3109 were met as to the evidence found beyond the inner door.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3