42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven Martin ADAMS; Thelma Adams, Plaintiffs-Appellants,
v.
EMMETT TOWNSHIP DEPARTMENT OF PUBLIC SAFETY; Ralph Adkins;
U Slaughter; Eric Dittmer; M.
Switzer; Thomas Headley; Defendants-Appellees,
Bedford Township Department of Public Safety, et al., Defendants.
 Nos. 94-1533, 94-1563.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1994.
 ORDER
 
 1
 Before: RYAN and BATCHELDER, Circuit Judges, and EDGAR, District Judge.*
 
 
 2
 Steven Adams and Thelma Adams appeal a district court order dismissing their civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Steven Adams and his mother Thelma Adams sued multiple Michigan township officials and police contending that the defendants conspired to violate their civil rights. Specifically, the Adamses alleged that the defendants violated their Fourth Amendment rights by conducting an unreasonable search of Steven's car and Thelma's house. Although the search was conducted pursuant to a search warrant, the Adamses claimed that the warrant was obtained through false pretenses. The Adamses also raised multiple state tort claims. In two separate orders, the district court granted summary judgment for the defendants concluding that all of the claims were meritless. Steven and Thelma filed separate notices of appeal. The two appeals have been consolidated by this court.
 
 
 4
 On appeal, the Adamses argue that the district court erred in relying on the false statements of a police officer. They request oral argument.
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Upon review, we conclude that the defendants were entitled to summary judgment as a matter of law. The Adamses argue that because the affidavit to the search warrant improperly stated that a third party gave the police Steven's home address, the warrant was obtained through false pretenses. Therefore, the defendants violated their Fourth Amendment rights. A police officer who procures a search warrant through false pretenses may be sued under 42 U.S.C. Sec. 1983. Hill v. McIntyre, 884 F.2d 271, 275 (6th Cir.1989). Liability occurs when the officer makes false statements in his affidavit supporting the search warrant, or when he misleads a judge into believing that probable cause exists by deliberately or recklessly failing to present all the relevant facts to the judge. Id. ; United States v. Stanert, 762 F.2d 775, 781 (9th Cir.1985). An affidavit that contains deliberate falsehoods or recklessly disregards the truth must be purged of the falsehood to determine whether the affidavit still contains sufficient facts to establish probable cause. If probable cause still exists after the purge, then no Fourth Amendment violation has occurred. Franks v. Delaware, 438 U.S. 154, 171-72 (1978); United States v. Marin-Buitrago, 734 F.2d 889, 895 (2d Cir.1984). The affidavit in this case, purged of the false statement, establishes a fair probability that contraband or evidence of a crime would be found in Steven's car and at Thelma's house. Illinois v. Gates, 462 U.S. 213, 238 (1983). As the facts establish probable cause that Steven was engaged in criminal activity, no Fourth Amendment violation has occurred. Franks, 438 U.S. at 171-72.
 
 
 7
 As no Fourth Amendment violation has occurred, the police officers are entitled to qualified immunity because the officers properly believed that probable cause existed to issue the warrant. See Anderson v. Creighton, 483 U.S. 635, 641 (1987).
 
 
 8
 The Adamses also contend that the Township was liable for improperly training the police officers. However, the Adamses have provided no proof that the Township's failure to train amounted to a deliberate indifference to the injuries which they allegedly suffered. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). Finally, because the Adamses failed to raise a federal claim, the district court properly dismissed their state tort claims. See Smith v. Dearborn Fin. Servs., Inc., 982 F.2d 976, 983 (6th Cir.1993).
 
 
 9
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allen Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation