UNITED STATES of America, Plaintiff—Appellee,

v.

Roger Lester FLAKE, Defendant—Appellant.

No. 01–50002.

D.C. No. CR–00–00717–FMC–1.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Feb. 4, 2002.

---

11. Id.

Before BROWNING, REINHARDT and RICHARD C. TALLMAN, Circuit Judges.

## MEMORANDUM *

Roger Flake appeals his conviction and sentence after entering a conditional guilty plea to one count of possession of child pornography in violation of 21 U.S.C. § 2252(a)(5)(B). Flake asserts three grounds of relief. First, Flake argues that the district court erred in denying his request for a *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), hearing because Santa Barbara Police Officer Daniel McGrew recklessly made false and material statements in support of the request for a search warrant for Flake's residence. Second, with respect to his sentence, Flake contends that the district court erred in concluding that it did not have the authority to depart downward on the basis of the time that he had been held in state custody on related charges. Finally, Flake argues that he is entitled to resentencing because the district court improperly denied him the right of allocution. Because we agree that Flake was entitled to a *Franks* hearing and that the district court erred in denying him the right of allocution, we vacate the district court's sentence and remand for a *Franks* hearing, and possibly for re-sentencing.

## A. *Franks* Hearing

Under *Franks*, if a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by a police officer in his application for a search warrant, and also establishes that the allegedly false statement was necessary to the court's finding of probable cause, the defendant is entitled to a hearing on the validity of the warrant. *Franks*, 438 U.S. at 155–56, 98 S.Ct. 2674; *United States v. Fisher*, 137 F.3d 1158, 1164 (9th Cir.1998). At the hearing, if the defendant proves by a preponderance of the evidence that the police officer did deliberately or recklessly make false statements that were material to the probable cause finding, the search warrant must be voided and the fruits of the search excluded. *See Franks*, 438 U.S. at 156, 98 S.Ct. 2674. Here, there was an ex parte pre-warrant hearing during which Officer McGrew testified that Flake was convicted of child molestation in 1991. That was an untrue statement. McGrew misrepresented the age of the victim by stating that she was a minor when she was actually over the age of majority. McGrew misrepresented the circumstances of the offense by stating that Flake had forced the victim into his vehicle when, in reality, she had been hitchhiking and entered the vehicle voluntarily. McGrew ultimately misrepre-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sented the type of conviction by stating that it was child molestation when the offense did not involve a child at all. McGrew acknowledged that he had seen Flake's criminal history, had reviewed the Santa Barbara Police report describing the 1991 conviction for oral copulation, and had spoken with Flake's ex-parole officer. Because Officer McGrew should have been aware of the truth as a result of his review of these documents and his discussion with Flake's ex-parole officer, we hold that Flake has made a substantial preliminary showing that McGrew was reckless in presenting this false evidence. *See United States v. Senchenko,* 133 F.3d 1153, 1158 (9th Cir.1998) (describing recklessness as requiring a showing that the false statements were made with a "high degree of awareness of probable falsity"); *United States v. Stanert,* 762 F.2d 775, 780–82 (9th Cir.1985) (holding an agent's false statements reckless because she was aware of the true facts surrounding the suspect's arrest), *amended by,* 769 F.2d 1410 (9th Cir.1985); *United States v. Chesher,* 678 F.2d 1353, 1360–62 (9th Cir.1982) (holding that an agent's omission of evidence that was readily available to him constituted a substantial preliminary showing of recklessness).

We also hold that McGrew's misrepresentations were material and necessary to the magistrate judge's finding of probable cause. We review *de novo* the district court determination that there was probable cause for the warrant absent the false testimony. *See United States v. Reeves,* 210 F.3d 1041, 1044 (9th Cir.2000). In order to establish probable cause to search for child pornography, the government often relies on experts who testify that a suspect's past actions demonstrate that he is a pedophile and that pedophiles are likely to possess child pornography. *See, e.g., United States v. Weber,* 923 F.2d 1338 (9th Cir.1991). In this case, the government relied upon the testimony of Detective Michael McGrew. Detective McGrew was informed, inaccurately it turned out, about Flake's past actions and opined that Flake was a pedophile and that therefore he probably had child pornography in his home. Detective McGrew's opinion that Flake was a pedophile, however, is not entitled to any weight because it was based in large part on erroneous testimony relating to Flake's 1991 conviction.[1] Without the expert opinion that Flake is a pedophile, Detective McGrew's general assertion that pedophiles frequently possess

1. The importance of the erroneous facts regarding Flake's 1991 conviction to McGrew's conclusion was evident in his exchange with the prosecutor during the ex parte pre-warrant hearing:

  [Attorney]: Based on your review of this case, *particularly taking into consideration the defendant's 1991 conviction and the facts and circumstances surrounding that conviction,* I have two areas of questions that I would like to ask you about. Do you have an opinion as to whether or not the defendant at the time of his what appears to be solicitation of young Erendia Perez, that his intention was at that time for purposes of facilitating a contact for purposes of molestation?
  [Expert]: Yes, I do.

  [Attorney]: Tell us what that opinion is.
  [Expert]: The opinion would be that he was trying to lure the child into a position where he could molest the child, *based on his past background, the fact that he forcibly took another child into a car and forced oral copulation with that child,* the fact that he exposed himself to the children in National City. After he exposed himself he didn't stop there, he offered them money, which I believe is consistent with a child molester trying to get the child into his car.
  In this case, he contacts the victim twice and tries a third time, it appears, and offers money. So based on that information I believe that he was trying to get this child in a position where he could molest her. (emphasis added). The prosecutor then asked whether the expert believed that child por-

child pornography was irrelevant and cannot affect the probable cause analysis. *See id.* at 1345 ("[I]f the government presents expert opinion about the behavior of a particular class of persons, for the opinion to have any relevance, the [expert] must lay a foundation which shows that the person subject to the search is a member of the class.").

Moreover, if we discount not only Detective McGrew's testimony but the underlying false evidence that Flake was convicted of child molestation in 1991, the remaining evidence, standing alone, is insufficient to establish probable cause to believe that child pornography would be found in Flake's home. There is *no* testimony that Flake ever possessed or was seen looking at child pornography. The fact that Flake closed his lap top computer quickly when the police arrived does not mean that he was looking at something illegal, let alone child pornography. There are numerous innocent explanations for such an action. Nor does closing a lap top computer screen, when considered along with Flake's past sexual conduct, provide probable cause for believing that Flake had child pornography. Flake's past sexual conduct might conceivably support a reasonable suspicion that he was looking at some kind of pornography, but it certainly does not provide probable cause to believe that he was looking at *child* pornography.[2] Because we conclude that Flake has made a substantial preliminary showing that Officer McGrew recklessly made false state-

ments and has further shown that the false statements were necessary or material to the magistrate judge's finding of probable cause, we remand the case for a *Franks* hearing on Flake's allegations.

B. Downward Departure in Sentencing

Flake contends that the federal district court erroneously concluded during the sentencing proceedings that it did not have the legal authority to depart downward on the basis of the six months that Flake had already been held in custody on related state charges. We find no support for Flake's contention in the record and hold that the district court was aware of and properly exercised its discretion. *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1064–65 (9th Cir.2000) (holding that a district court's statement that there was "no basis" for a downward departure did not indicate that it believed it lacked authority).

C. Right of Allocution

Flake contends that he is entitled to re-sentencing because he was denied his right of allocution prior to the imposition of his sentence. *See United States v. Medrano,* 5 F.3d 1214, 1219 (9th Cir.1993). We agree. Therefore, we vacate Flake's sentence and remand to the district court with instructions to re-sentence Flake should re-sentencing be called for after the *Franks* hearing.

SENTENCE VACATED AND CASE REMANDED WITH INSTRUCTIONS.

---

nography would be found at Flake's home and, on the same basis as McGrew offered his first opinion, he offered his second: "I believe that Flake is a pedophile and that pedophiles frequently keep in their possession or in their houses child pornography which would include photographs, videos."

Without the 1991 conviction, the fact that Flake had twice driven up to a teenage girl and had asked her for directions and offered her money is insufficient to demonstrate that he is a pedophile. So too is the fact that he

called two young children over to his vehicle while he was masturbating and offered them money. If anything, the latter incident may suggest that Flake is an exhibitionist.

2. Although Flake was involved in two incidents that suggest that he may have had some sort of sexual interest with respect to minors, the only offense of which he was convicted involved a female who was over the age of majority. *See supra* note 1.

**740**

RICHARD C. TALLMAN, Circuit Judge, concurring in part, dissenting in part.

I concur in parts B and C of the majority's opinion, but respectfully dissent from the court's remand for a *Franks* hearing. The unchallenged testimony and evidence presented in December 1999 by both Officer Daniel McGrew and Detective Michael McGrew is still sufficient, in my judgment, to support issuance of a search warrant for child pornography in the defendant's home. The false statements were not "necessary to the finding of probable cause." *See Franks v. Delaware*, 438 U.S. 154, 156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

First, Flake had recently driven by and conversed with a 12–year–old girl on her way home from school in Santa Barbara, twice asking for directions and once offering her money. Second, Flake matched the suspect description and was the registered owner of a car bearing the same license plate number of a man who exposed his penis and offered money to two small children in National City, California, one day after the last Santa Barbara approach. Third, Flake had previously been convicted in 1991 of forced oral copulation in his car with a 19–year–old female hitchhiker. Finally, Flake had closed his laptop quickly when police announced their presence at his home to arrest him for the Santa Barbara incidents before the search warrant was sought.

We do not know how Detective McGrew, a sex crimes specialist who has investigated over 50 cases of crimes against children, would have testified had he known that Flake was never convicted of child molestation and had not forced a child into his car in the 1991 sex crime. It is clear from the record, however, that Detective McGrew also relied upon this other evidence, which indicated that shortly before the search warrant was issued Flake approached three children in two days, exposed himself to two minors, and offered all three children money to lure them into his car. Based upon these facts, an experienced police detective could properly deduce that he possessed, and a neutral judge could properly find sufficient the evidence to establish, probable cause to believe that Flake was attempting to entice underage children into his car for unlawful purposes.

Detective McGrew concluded, based on his experience, that this activity fit the modus operandi of a child molester and it was likely that Flake would also possess child pornography in his home. *See United States v. Weber*, 923 F.2d 1338, 1345 (9th Cir.1991) ("if the government presents expert opinion about the behavior of a particular class of persons, for the opinion to have any relevance, the affidavit must lay a foundation which shows that the person subject to the search is a member of the class"); *United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir.1995) ("[W]hen interpreting seemingly innocent conduct, the court issuing the warrant is entitled to rely on the training and experience of police officers."). *See also United States v. Hay*, 231 F.3d 630, 635 (9th Cir.2000) ("[i]t is well established that a location can be searched for evidence of a crime even if there is no probable cause to arrest the person at that location.").

Flake has not made the substantial showing required to entitle him to a hearing that Officer McGrew's false statements, and Detective McGrew's reliance on them, was necessary or material to the finding of probable cause to search Flake's home for evidence of child pornography. *See Franks*, 438 U.S. at 172 & n. 8, 98 S.Ct. 2674 ( "[I]f what is left is sufficient to sustain probable cause, the inaccuracies are irrelevant," and no hearing is required.). The testimony of Detective McGrew, once corrected, provides enough

reliable information to support a common sense judgment that Flake fit the profile of a person who sexually desires children and who might reasonably be expected to possess child pornography in his home. *See Weber*, 923 F.2d at 1345.

I would affirm the district court's decision to deny Flake a *Franks* hearing.