**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Roger Lester FLAKE, Defendant— Appellant.**

**No. 02–50376.**

**D.C. No. CR–00–00717–FMC–01.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2003.

Decided June 25, 2003.

---

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM *

Roger Lester Flake appeals from the district court's denial of his motion to suppress evidence gathered pursuant to a search warrant which was issued following an ex parte hearing in which a police officer provided erroneous testimony. We affirm.

Flake entered a conditional guilty plea to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Prior to pleading guilty, Flake sought to suppress evidence collected at his home, contending that the search warrant issued by a California state judge was invalid because it was issued based upon false statements. The motion was denied by the district court without a hearing. On appeal, this Court previously held that Flake had made a sufficiently substantial preliminary showing that required remanding the case for a hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *United States v. Flake*, 30 Fed.Appx. 736 (9th Cir.2002).

Under *Franks*, Flake bears the burden of proving by a preponderance of the evidence that false statements were made knowingly or with reckless disregard for the truth. *See* 438 U.S. at 156–57, 98 S.Ct. 2674. At issue was Officer Daniel McGrew's testimony that Flake had been previously convicted of child molestation and had molested a 14–year–old girl. That statement was false. Flake had been convicted of forcible oral copulation with a 19–year–old woman under the same statute which also prohibits oral copulation (regardless of whether force is used) with any person under 14 years of age (and more than ten years younger than the perpetrator). *See* Cal. Pen.Code § 288a.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

On remand, after conducting the required hearing, the district court determined that erroneous information had been provided to the state court judge in obtaining the search warrant, but that Officer McGrew's error was the result of negligence, not one made knowingly or with a reckless disregard for the truth.

On appeal of the denial of a motion to suppress evidence, we review factual findings for clear error. *See United States v. Chavez–Miranda,* 306 F.3d 973, 977 (9th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1317, 154 L.Ed.2d 1070 (2003). In applying the clearly erroneous standard, we will not reverse a lower court's finding of fact simply because we would have decided the case differently. *Easley v. Cromartie,* 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001); *McClure v. Thompson,* 323 F.3d 1233, 1240 (9th Cir. 2003). "Rather, a reviewing court must ask whether on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Easley,* 532 U.S. at 242, 121 S.Ct. 1452 (internal quotation marks and citation omitted). To support a finding of recklessness, an affiant must possess a "high degree of awareness of probable falsity." *United States v. Senchenko,* 133 F.3d 1153, 1158 (9th Cir.1998). In the present case, the district court's finding that Officer McGrew's false testimony was merely negligent was not clearly erroneous.

AFFIRMED.