**Lolita NEWT, Plaintiff—Appellant,**

v.

**Jon KASPER; City and County of San Francisco District Attorney's Family Support Bureau; John Doe, I; John Doe, Defendants—Appellees.**

No. 02–17159.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2003.*

Decided Dec. 18, 2003.

Joseph Boyle, Esq., San Francisco, CA, for Plaintiff–Appellant.

David B. Newdorf, Esq., San Francisco, CA, for Defendant–Appellee.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM **

Lolita Newt ("Newt") appeals the dismissal of her 42 U.S.C. § 1983 judicial deception claim against a confidential informant ("Doe 1"), the City and County of San Francisco, and San Francisco Police Officer Jon Kasper ("Officer Kasper"). She alleges that the warrant obtained to search her residence was based on untrue information from confidential police informants and that Officer Kasper, who filed the affidavit, violated her constitutional rights by conveying knowingly false information to the issuing judge.

A cognizable judicial deception claim under § 1983 requires Newt to show that the officer "made deliberately false statements or recklessly disregarded the truth in the affidavit and that the falsifications were material to the finding of probable cause." *Galbraith v. County of Santa Clara*, 307

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d 1119, 1126 (9th Cir.2002) (internal quotation marks omitted). An affidavit containing "deliberate or reckless *omissions* of facts that tend to mislead[,]" recklessly disregards the truth. *United States v. Stanert,* 762 F.2d 775, 781 (9th Cir.1985) (emphasis added).

Even though Newt has alleged that Officer Kasper "showed reckless disregard for the truth," we need not accept this conclusory allegation as true as it is unsupported by the facts alleged in the complaint. *See Sprewell v. Golden State Warriors,* 266 F.3d 979 (9th Cir.2001) (holding that for purposes of 12(b)(6) motion, facts pled must be accepted as true, but conclusory allegations need not be). Factually, the complaint merely alleges that the informant's information was false and that Officer Kasper failed to investigate Newt or include any information tending to show why evidence of a drug operation would *not* be found at her house. This does not rise to the level of "reckless disregard for the truth" necessary to state a cognizable claim for judicial deception.

**AFFIRMED.**