**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**DIANE MAJHOR, Defendant.**

High Court of American Samoa
Trial Division

CR No. 20-03

February 18, 2005

Before RICHMOND, Associate Justice; MAMEA, Associate Judge; and TAPOPO, Associate Judge.

Counsel: For Plaintiff American Samoa Government, Harvey Kincaid,
 Assistant Attorney General
 For Defendant Diane Majhor, Paul F. Miller

### ORDER DENYING MOTION TO SUPPRESS

#### Introduction

On December 7, 2004, Defendant Diane Majhor filed a motion to suppress all evidence obtained from a March 27, 2003 search warrant, arguing that information intentionally or recklessly omitted from the affidavit supporting the warrant, if included, would have made it so that no probable cause existed to justify the search.

After considering the parties' submissions and testimony offered at hearing on February 3, 2005, we hold that the search warrant is valid and the evidence seized pursuant to the warrant is not suppressed.

#### Discussion

In *Franks v. Delaware*, the Supreme Court concluded that the Fourth Amendment of the U.S. Constitution entitles a defendant to a

hearing to challenge a facially valid warrant once the defendant makes a preliminary showing that the affidavit contains information "that the affiant knew was false or would have known was false but for his reckless disregard for the truth," and that absent the false information, the affidavit would not support a showing of probable cause. 438 U.S. 154 (1978); *see also United States v. Leon*, 468 U.S. 897, 923 (1984); *United States v. Stanert*, 762 F.2d 775, 780 (9th Cir. 1985); *Am. Samoa Gov't. v. Samana*, 30 A.S.R.2d 98 (Trial Div. 1996) (applying the similar provision in Article I, Section 5 of the Revised Constitution of American Samoa). Similarly, if an officer *omits* critical information from a search warrant application, a defendant may also be entitled to a hearing. *See Stanert*, 762 F.2d at 781 (holding that deliberate or reckless omissions of facts that tend to mislead are false statements for *Franks* purposes). Likewise then, a defendant is entitled to a hearing after making a preliminary showing: (1) that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading; and (2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause. *United States v. Stropes*, 387 F.3d 766, 771 (8th Cir. 2004). Once the defendant has met his preliminary showing, the court must suppress the evidence obtained from the warrant if the Defendant shows at hearing that, by a preponderance of the evidence, the magistrate was misled by an affidavit that intentionally or recklessly omitted information. *Franks*, 438 U.S. at 155-56; *Leon*, 468 U.S. at 923.

## I. Preliminary Analysis

 Mere allegations, without additional proof, are insufficient to make a preliminary showing of reckless or intentional omission and lack of probable cause for issuance of a search warrant. *Franks*, 438 U.S. at 171; *see also United States v. Mathison*, 157 F.3d 541, 548 (8th Cir. 1998). Defendant, during a hearing on January 11, 2005, however, referenced Captain Va'a Sunia's testimony at the preliminary examination for this prosecution in the District Court on June 5, 2003, stating that searches of the same residence, after the police took control of the premises and prior to the March 27, 2003 search, revealed no controlled substances. While such an argument does not itself by a preponderance establish intent or recklessness, given the nature and of the specific omission in the context of the March 27 and earlier searches, we concluded that Defendant met the preliminary burden of establishing that the omission may have been intentional or reckless. Moreover, because, as Defendant argued, the affidavit sought to search the home for drugs, but failed to discuss that the premises had been searched on prior occasions with no discovery of drugs, we are similarly satisfied that Defendant has made a preliminary showing that had such information been included, the magistrate could have found no probable cause to

conduct the search. We therefore determined that Defendant reached the preliminary threshold entitling her to a *Franks* hearing for further evidentiary review.

## II. Evidentiary Hearing

Having considered Defendant's evidence challenging the facially valid warrant, we hold that she has not met her burden at the evidentiary hearing to justify suppression of the evidence seized during the March 27, 2003 search.

### A. Intentional or Reckless Omission

■ Although it is not disputed that Officer John Cendrowski failed to include the information about the prior searches in his March 27, 2003 affidavit, a Fourth Amendment or Article I, Section 5 violation in the context of *Franks* applies only to intentional or reckless omissions from the affidavit, and the mere existence of an omission alone is not enough to establish intent. *See United States v. Artez*, 389 F.3d 1106 (10th Cir. 2004).

Defendant presented no persuasive evidence at the hearing that Officer Cendrowski acted intentionally to mislead the issuing judge. Thus, the remaining inquiry is whether Officer Cendrowski's failure to include a discussion of prior searches in the affidavit can be regarded as so material as to indicate a reckless omission. We conclude that it does not.

■ We begin by observing, as does the Sixth Circuit, that a defendant will have more success challenging an affidavit alleged to contain a false statement than one with a potentially material omission. *See United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997). This is so, because affidavits in support of search warrants "are normally drafted by nonlawyers in the midst and haste of a criminal investigation." *United States v. Ventresca*, 380 U.S. 102, 108 (1965). Because an affiant cannot be expected to include every piece of information gathered in the course of an investigation in an affidavit, allowing omissions to be challenged with regular success would create a situation where almost every affidavit would be questioned. *United States v. Awadallah*, 349 F.3d 42 (2d Cir. 2003); *United States v. Colkley*, 899 F.2d 297, 302 (4th Cir. 1990); *Atkin*, 107 F.3d at 1217.

Moreover, we note that in determining what information should be included in an affidavit, it is important to distinguish between the situations presented in *Franks* and in *Brady v. Maryland*, 373 U.S. 83 (1963). In *Mays v. City of Dayton*, 134 F.3d 809 (6th Cir. 1998), the appellate court concluded that the district court misconstrued the

55

meaning of *Franks* by applying the rationale of *Brady* to the warrant application process. In *Mays*, the district court had reasoned, that as in *Brady*, which established that the prosecutor has a duty to disclose to the defendant material evidence that would have a bearing upon the guilt or innocence of the defendant, the subject of a search warrant is similarly entitled to disclosure of any exculpatory information potentially contradicting a finding of probable cause in the warrant itself. *Id.* at 815. The Sixth Circuit disagreed, however, determining that the due process protections required by *Brady* differ from the circumstances in *Franks*. The *Mays* court noted that:

> [b]y contrast, the probable cause determination in *Franks*, derived from the Fourth Amendment, involves no definitive adjudication of innocence or guilt and has no due process implications. Because the consequences of arrest or search are less severe and easier to remedy than the consequences of an adverse criminal verdict, a duty to disclose potentially exculpatory information appropriate in the setting of a trial to protect the due process rights of the accused is less compelling in the context of an application for a warrant.

*Id.* at 816.

 Defendant presented evidence, through Officer Cendrowski's testimony, that the March 27, 2003 affidavit, although relying on witness testimony indicating the presence of contraband on the premises, makes no mention of prior searches of the same premises that failed to uncover narcotics. Defendant, in effect, argues that Officer Cendrowski possessed exculpatory information about prior searches at the time of his March 27, 2003 affidavit but that he failed to disclose them to the magistrate judge. Following *Mays*, we acknowledge that the information relating to the prior searches may be exculpatory, but recognize that the rights of a party during the warrant process differ significantly from the rights of a defendant during the trial process. Because of this difference, Officer Cendrowski had no constitutional duty to disclose all potential exculpatory information in his affidavit for a warrant. In turn, his failure to do so does not arise to recklessness. Absent evidence that Officer Cendrowski intentionally withheld such information, we therefore cannot regard the failure to include it in the affidavit as either "reckless" or "intentional" within the meaning of *Franks*.

B. Inclusion of the Omission

 Although Defendant has not satisfied her evidentiary burden under the first prong of *Franks*, even were we to conclude that she had, we could not find that inclusion of the omitted information would have

56

altered a determination of probable cause. To succeed under *Franks'* second prong, Defendant must show by a preponderance of the evidence "that the alleged omission would have made it impossible to find probable cause." *See Mathison*, 157 F.3d at 548.

 Probable cause for a search warrant exists if "the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense had been committed and that evidence thereof would be found on the premises to be searched." *See Greene v. Reeves*, 80 F.3d 1101, 1106 (6th Cir. 1996). Affidavits supporting the warrant are evaluated under a totality of the circumstances test. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). Taken as a whole, then, the affidavit need only provide sufficient facts from which a magistrate can draw an independent conclusion that what is alleged that the search will disclose is probable, but not certain or guaranteed. *See United States v. Allen*, 211 F.3d 970, 976 (6th Cir. 2000).

The March 27, 2003 affidavit states that Rudy Kruse, a witness, stated that Defendant was selling and distributing narcotics, and that such narcotics would be stored in the computer hard drives at her residence. Kruse further stated that he personally observed drugs stored in a large bucket at the house. The affidavit additionally refers to an interview with Sanele Mareko, in which Mareko noted that while he was living in the residence sought to be searched, he observed "many drug transactions" involving Defendant. Mareko also maintained that drugs were stored and hidden in computer hard drives at the house. Finally, the affidavit discusses an interview with Amanda Mareko, who stated that Richard Majhor, Defendant's husband and co-defendant charged with the same offense in the consolidated prosecution, CR No. 21-03, described himself as the "Drug Lord of the Pacific" when explaining the number of guests who visited his home. Based on this information, Officer Cendrowski sought to search Defendant and her co-defendant's home and the surrounding grounds for evidence of drug possession, distribution, or sale.

Defendant urges us to reevaluate probable cause by considering that, as Officer Cendrowski testified, prior searches of the same residence yielded no drugs when searched in relation to the disappearance of Wyatt Bowles, Jr. Defendant essentially argues that because the information given by the witnesses had been effectively discredited by the results of the earlier search, had the magistrate judge been aware of the search results, he could not have found it probable that drugs were on the premises. We disagree.

First, we note, as did Officer Cendrowski, that although no drugs were uncovered, officers allegedly found drug paraphernalia in witness

Sanele's room during the prior search. Such evidence does little to discourage police officers from believing that drug related offenses had been committed on the premises.

 Second, Defendant makes much of the fact that a "competent" police officer would have undoubtedly found drugs were they at the residence during the prior search. In making a probable cause determination, however, a reviewing judge need not presume the infallibility of the searching officers. Although the searching officials did not find drugs during the prior search, two witnesses stated with specificity the precise location in which the drugs could be found, and discussed personal observation of drug activity on the premises. While the lack of discovery of such contraband during the prior searches puts into question the *certainty* that such materials would be found, the detail of the witness testimony and the apparent personal knowledge on which it was based at least renders it *probable* that such contraband would be found upon additional search.

And finally, the magistrate judge, in making his probable cause analysis, would already have some basis to believe, on the face of the affidavit itself that investigative activity had occurred on the premises. The affidavit at several points states that the house to be searched is "the same house that the murder in this case occurred in" and that "[t]he house is currently secured by the Department of Public Safety as a murder crime scene." While the affidavit does not reveal the extent of prior searching activity, the nature of the house to be searched was such that the occurrence of prior investigative activity would no doubt weigh in the judge's probable cause evaluation.

In concluding that Defendant has not shown by a preponderance of the evidence that probable cause could not be found with the omitted information included, we note that Defendant's evidence nevertheless remains properly suited for presentation at trial. That is, although we find that a reviewing judge could have found it probable that contraband would be discovered on the premises even after weighing the additional information, we say nothing as to whether the trier of fact will be left with reasonable doubt when considering the same information upon review of the charge on its merits.

### Order

For the forgoing reasons, we find the March 27, 2003 search warrant valid, and that the evidence obtained from the warrant need not be suppressed. Defendant's motion to suppress is therefore denied. It is so ordered.