UNITED STATES of America,
Plaintiff—Appellee,

v.

Burton Dean VIERS, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Kathi–Sue Wiechert, Defendant—
Appellant.

Nos. 06–30266, 06–30274.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2007.

Filed Oct. 10, 2007.

Stephen Gunnels, Eugene, OR, for Plaintiff–Appellee.

Terri Wood, Esq., Eugene, OR, for Defendant–Appellant.

Before: D.W. NELSON, KLEINFELD, and BYBEE, Circuit Judges.

MEMORANDUM *

Burton Dean Viers ("Viers") appeals his conviction following his conditional guilty plea to conspiracy to manufacture marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846. Kathi–Sue Wiechert ("Wiechert") appeals her conviction following her conditional guilty plea to manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii). Viers and Wiechert ("the appellants") contend that the district court erred in denying their suppression motion because the affidavit submitted to the magistrate by DEA Spe-

cial Agent Gary Landers ("Landers"), for purposes of obtaining a search warrant of Wiechert's residence, contained deliberate or reckless misstatements about the informant and the tip received from the informant, the power consumption records and the agents' detection of the odor of marijuana, which should have been excised. The appellants contend that without the excised information, the affidavit lacked support for a finding of probable cause to issue the search warrant. Alternatively, the appellants argue that the district court erred in concluding that Agent Landers was not within the curtilage of Wiechert's home when he detected the odor of marijuana. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

I. Omissions and Misrepresentations

The Supreme Court in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), established that a defendant can challenge a facially valid affidavit. In particular, a defendant is entitled to a hearing if she can "make[ ] a substantial preliminary showing that a false statement knowingly or intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause." *Id.* at 155–56, 98 S.Ct. 2674. We have applied the *Franks* standard to deliberate and reckless omissions. *See United States v. Stanert*, 762 F.2d 775, 781 (9th Cir.1985). If the district court concludes after the evidentiary hearing "that the magistrate or judge in issuing the warrant was misled by information in the affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

truth, then suppression is an appropriate remedy." *Id.* at 780 (citing *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)).

The district court granted the *Franks* hearing, but determined that the magistrate properly issued the search warrant in spite of material omissions in the affidavit about the informant and details about the tip. The court explained that the other information in the affidavit concerning power consumption, detection of the odor of marijuana, and Wiechert's criminal history, did not include deliberate or reckless misstatements or omissions and was sufficient to support probable cause for a search warrant. We review each of these findings.

## A. The Informant's Tip

■ The district court properly held that Agent Landers deliberately or recklessly omitted details about the informant and the tip. However, we affirm the district court's ruling that in spite of these deliberate or reckless omissions, the informant's tip was not necessary to the finding of probable cause. The omissions of details about the informant's criminal history undermine the informant's credibility but do not affect the other evidence obtained by Agent Landers and included in the affidavit, suggesting a marijuana growing operation. As indicated in the district court order, "the information from the [Confidential Informant] is what started the investigation and [did] not provide the primary support for probable cause." *See United States v. Meling,* 47 F.3d 1546, 1555 (9th Cir.1995) (explaining that when other information supports a finding of probable cause, an informant's low credibility is inconsequential). The omission of when the informant overheard the conversation between Mr. Kasinger and Mr. Viers similarly did not affect the other evidence obtained by Agent Landers that supported a finding of probable cause. Even though the lead provided by the informant may have been stale, the agent was justified in following it so long as it did not provide the basis of probable cause for the search.

In this case, the district court found probable cause on the basis of the fruits of the investigation, which included power consumption records, detection of the odor of marijuana and information about the appellant, Wiechert's criminal history. Thus, the informant's tip was not necessary for the finding of probable cause.

## B. Power Consumption Records

■ The appellants first argue that Agent Landers deliberately or recklessly misled the magistrate by stating in the affidavit that the power consumption, based on an examination of electricity records, was high enough to support a sizeable indoor marijuana grow. The appellants' witness, Dr. Woodford, who was an expert on the detection of marijuana odor, testified that the power usage at Wiechert's residence was not consistent with a three-stage marijuana grow.

The district court found "Landers ... better qualified to opine on [power consumption] and [gave] little weight to the defendant's expert testimony." We have held that "when a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Spain v. Rushen,* 883 F.2d 712, 717 (9th Cir.1989) (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Therefore, we hold that the district court did not clearly err in concluding that

Agent Landers did not misrepresent that the power usage was consistent with a sizeable marijuana grow.

■ Second, the appellants argue that Agent Landers deliberately or recklessly failed to disclose the power usage of similar residences. To support their argument, the appellants cite *United States v. Clark*, 31 F.3d 831 (9th Cir.1994), in which we held that an assertion in an affidavit that power consumption was unusually high without any accompanying information about average residential power usage or the power usage of homes in the vicinity was not sufficient to establish probable cause for searching a home. *See id.* at 835. The affidavit says that since electricity was connected in October 2002 for the current subscriber, "power usage has not dropped below 2600 kwh per month. The highest reading has been 4300 kwh for one month. In general, the monthly electric usage readings are higher than with the previous customer." The residence is described as a "28' × 44' manufactured home with a living area of 1232 square feet.... In SA Landers' experience in investigating indoor marijuana grows, the power consumption at 1558 Hacka Drive is high enough to support a sizable indoor marijuana grow." In addition, the affidavit says that all payments made on the account were in cash. Though thin, this evidence of higher usage than the previous customer, higher usage than most 1200 square foot homes, usage high enough to support an indoor marijuana grow, and all payments made in cash, together contribute to probable cause.

The agent's affidavit was indeed less persuasive than it would have been without a showing of a great increase in electricity usage, but there is no evidence that the agent intentionally or recklessly misled the magistrate in this respect or omitted this fact in order to mislead the magistrate.

There is no evidence one way or another on the previous resident's electrical usage.

In conclusion, we hold that the district court did not err in concluding that Agent Landers did not deliberately or recklessly omit information about power consumption for the purpose of misleading the magistrate.

## C. Marijuana Odor

■ Special Agent Flannery stated in his affidavit that Agent Landers told him that he smelled growing or freshly harvested marijuana from the wooded area to the west of the house. He went there because "the breeze was drifting west." The affidavit does not say how far away from the residence he was.

The district court carefully considered the evidence presented in the Franks' hearing that the claim regarding odor was intentionally false. The district court found that the evidence "does not demonstrate that Landers made misrepresentations regarding the detection of marijuana odor." The district court went on to say "the court finds Landers credible with respect to his representations regarding the detection of marijuana odor." The district court could have made a contrary finding on the evidence presented, but it did not.

As for whether Landers searched within the curtilage of the residence, the record does not demonstrate that he did. There is no reason to overturn the district court's finding that "the evidence does not establish that Landers violated the curtilage of the home especially in the areas where Landers actually detected the odors." The district court's "especially in the areas" phrase apparently refers to Landers' statement that he smelled marijuana from the woods, which would be outside the curtilage of this particular residence.

Thus, the district court did not clearly err in concluding that the appellants failed to show that Agent Landers' statement in the affidavit about detecting the marijuana odor constituted a deliberate or reckless misrepresentation.

The stale tip from an informant known by the DEA agents to be criminally dishonest and to have a motive to lie was worthless to establish probable cause, and the affidavit should have candidly disclosed this to the issuing magistrate. But the investigation that followed the tip did establish probable cause. Deleting anything in the affidavit that, on the record and findings, might be tainted by deliberate or reckless misstatement or omission, the district court was left with the following: (1) the female resident had a prior felony conviction for "delivery/manufacture"[1] of marijuana; (2) a smell of marijuana; (3) higher electric bills than the previous tenant or what most people would expect in a home this size, high enough to support an indoor marijuana growing operation; and (4) the utility bills were paid in cash.

All the DEA needed for a warrant was "'probable cause' to believe that contraband or evidence is located in a particular place." *United States v. Gourde,* 440 F.3d 1065, 1069 (9th Cir.2006). Considering the totality of these factors, that standard was met.

**AFFIRMED.**

---

[1]. The virgule is ambiguous, so the affidavit does not make it clear whether Richards prior conviction was for delivery of marijuana, manufacture of marijuana, or both. But it does not matter to the result in this case.