**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-10277 |
| Plaintiff-Appellee, | D.C. No.<br>4:16-cr-00046-DCB-DTF-1 |
| v. | |
| MICHAEL HUNTOON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted December 10, 2019
Pasadena, California

Before:  N.R. SMITH and WATFORD, Circuit Judges, and HELLERSTEIN,[**]
District Judge.

Michael Huntoon appeals his convictions for one count of distribution of

child pornography in violation of 18 U.S.C. § 2252(a)(2) and one count of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

knowing access of child pornography in violation of 18 U.S.C § 2252A(a)(5)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Huntoon argues that the district court erred in denying his motion to suppress, because the state search warrant was not supported by probable cause due to alleged misrepresentations in the affidavit. We review a district court's denial of a motion to suppress de novo, but its underlying factual findings for clear error. *United States v. Mayer*, 560 F.3d 948, 956 (9th Cir. 2009). "We review questions of probable cause de novo, but with 'due weight to inferences drawn from the facts by resident judges and local law enforcement officers.'" *United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002) (alteration adopted) (quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996)). The district court found "no evidence of deliberate falsehood or reckless disregard for the truth," because Detective Angel had a "good faith belief that there was a 'hard wire' . . . connection between [the mother-in-law's] house and [Huntoon's] 5th wheel RV." The court further found that, even without the allegedly false statements, "there remains sufficient content in the warrant affidavit to support a finding of probable cause." Based upon these findings, the district court did not err in upholding the magistrate's determination of probable cause.

Huntoon additionally argues that the district court erred by denying his request for a *Franks* hearing. "We review the denial of a *Franks* hearing de novo, but review supporting factual determinations for clear error." *Id.* at 979. To be entitled to a *Franks* hearing, a defendant must make "a substantial preliminary showing that '(1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause.'" *United States v. Stanert*, 762 F.2d 775, 780 (9th Cir. 1985) (quoting *United States v. Lefkowitz*, 618 F.2d 1313, 1317 (9th Cir. 1980)). As determined above, the court's factual finding (that there were no intentional or reckless false statements) was not clearly erroneous. Thus, Huntoon failed to show he was entitled to a *Franks* hearing.

2.     Huntoon argues that the district court erred by denying his motion to suppress, because the federal government relied on the state search warrant to search the laptop. First, the district court's finding that the federal search did not exceed the bounds of the state search warrant was not clearly erroneous. Further, it is well settled that "once an item in an individual's possession has been lawfully seized and searched, subsequent searches of that item, so long as it remains in the legitimate uninterrupted possession of the police, may be conducted without a warrant." *United States v. Johnson*, 820 F.2d 1065, 1072 (9th Cir. 1987) (quoting

*United States v. Burnette*, 698 F.2d 1038, 1049 (9th Cir. 1983)). State police served a valid search warrant on Huntoon's trailer at the Apache Valley property and seized his laptop. That laptop remained in the "legitimate uninterrupted possession of the police" and a mirror image of the laptop was given to Agent Nuckles for use in the federal investigation. Therefore, a new search warrant was unnecessary.

3.      Huntoon argues that the court abused its discretion in admitting other-acts evidence: (a) a prior conviction from 1999 for child molestation, and (b) evidence stemming from his charges in Pinal County for possession of child pornography.

Federal Rule of Evidence 414(a) provides: "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." The district court did not abuse its discretion in determining that both sets of evidence were relevant. Because our circuit has held that prior child molestation convictions can be relevant to child pornography charges, the 1999 conviction was relevant. *See United States v. Thornhill*, 940 F.3d 1114, 1118 (9th Cir. 2019) (holding that a the defendant's "prior conviction was relevant because it tended to prove [the defendant's] sexual interest in children"). Similarly, because the Pinal County charges were nearly identical to the federal charges, the court was within its discretion to find they were relevant.

Relevant evidence is still subject to the balancing test under Federal Rule of Evidence 403. In evaluating whether to admit evidence of a defendant's prior acts of sexual misconduct, a court must consider the following factors: "(1) 'the similarity of the prior acts to the acts charged,' (2) the 'closeness in time of the prior acts to the acts charged,' (3) 'the frequency of the prior acts,' (4) the 'presence or lack of intervening circumstances,' and (5) 'the necessity of the evidence beyond the testimonies already offered at trial.'" *United States v. LeMay*, 260 F.3d 1018, 1027-28 (9th Cir. 2001) (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)). The district court properly analyzed the *LeMay* factors to determine whether both sets of evidence should be admitted and did not abuse its discretion in finding the factors weighed in favor of admission.

4. Huntoon argues the district court abused its discretion by denying his discovery request. "We review the district court's Rule 16 discovery rulings for abuse of discretion." *United States v. Budziak*, 697 F.3d 1105, 1111 (9th Cir. 2012). "A defendant must make a 'threshold showing of materiality' in order to compel discovery pursuant to Rule 16(a)(1)(E)." *Id.* (quoting *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995)). The district court did not abuse its discretion by finding that the evidence sought was not material, because Huntoon

5

had access to the laptop and his expert testified she had seen the software previously and was familiar with its use.

5.      Huntoon argues the district court abused its discretion by denying his motion for a mistrial. "A mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial impact of the error." *United States v. Gann*, 732 F.2d 714, 725 (9th Cir. 1984). Because the court struck the previously admitted testimony and instructed the jurors to disregard any stricken testimony, the district court did not abuse its discretion by denying Huntoon's motion for a mistrial. We presume that the jury followed its instructions. *United States v. Olano*, 507 U.S. 725, 740 (1993).

6.      There was not cumulative error.

        **AFFIRMED**