**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50151 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00335-AB-JGB-12 |
| v. | |
| REMIGIO ALVAREZ HERRERA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted November 8, 2023
Pasadena, California

Before: WALLACE, W. FLETCHER, and OWENS, Circuit Judges.

Defendant-Appellant Remigio Alvarez Herrera ("Herrera") pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841, 846. On January 7, 2017, officers obtained and executed a warrant to search Herrera's residence and car.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

They found approximately twenty kilograms of cocaine in the trunk of the car. Herrera was subsequently indicted as one of twenty-five defendants in a drug trafficking conspiracy. He was arrested on May 29, 2019. He waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and stated that on January 7, 2017, he was paid $1,000 to drive to Anaheim, pick up "21 pieces," and drive back to his house.

Herrera argued that inaccuracies in the search warrant affidavit negated the state court's finding of probable cause. He moved to suppress his post-arrest statements and the evidence seized from his car. The district court denied the motion. Herrera pleaded guilty and was sentenced to thirty-six months' imprisonment. He timely appealed the denial of the motion to suppress. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the denial of a motion to suppress de novo and the district court's factual findings for clear error. *United States v. Estrella*, 69 F.4th 958, 964 (9th Cir. 2023). We also review de novo the denial of a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). *United States v. Norris*, 942 F.3d 902, 907 (9th Cir. 2019). We may affirm the district court "on any grounds supported by the record." *United States v. Charette*, 893 F.3d 1169, 1175 n.4 (9th Cir. 2018).

The district court properly denied the motion to suppress. A search warrant affidavit "shows probable cause if, under the totality of the circumstances, it reveals 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Garay*, 938 F.3d 1108, 1113 (9th Cir. 2019) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The affidavit here set out several facts that tied Herrera's residence and car to a drug transaction. It described an investigation of a drug trafficking cell that operated in the Los Angeles area. It detailed wiretap intercepts that discussed a drug deal scheduled to take place on January 7, 2017, and identified the cell phone number of a person who would be involved in the deal. And it explained how investigators used GPS data and physical surveillance to link the user of the cell phone to Herrera's address and car. Those facts, combined with Agent Waldron's experience in drug trafficking investigations, provided a reasonable basis for the state court judge to find probable cause. The factual gaps and inconsistencies in the affidavit do not undermine that finding. *See United States v. Ventresca*, 380 U.S. 102, 109 (1965).

Because we agree with the district court that probable cause supported the warrant, we need not address Herrera's arguments that his post-arrest statements must be suppressed as fruits of an illegal search and seizure under *Brown v. Illinois*, 422 U.S. 590 (1975).

3

The district court did not err in declining to grant Herrera a *Franks* hearing. Under *Franks*, a defendant may challenge a facially valid search warrant affidavit by making a substantial preliminary showing that (1) the affidavit contained intentionally or recklessly false statements or omissions, and (2) the false statements or omissions were material to the finding of probable cause. *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014).

Herrera did not make either showing. Agent Waldron could (and should) have been more precise in describing how investigators identified Herrera's residence and car. But Herrera did not show that Agent Waldron intentionally or recklessly presented "a skewed version of events" or "effectively usurped the magistrate's duty to conduct an independent evaluation of probable cause." *United States v. Perkins*, 850 F.3d 1109, 1118 (9th Cir. 2019). Nor did Herrera show materiality. *See Ruiz*, 758 F.3d at 1148 (explaining that an omission or misstatement is material only if the affidavit otherwise fails to establish probable cause). The affidavit included sufficient evidence to establish probable cause, even absent the challenged statements.

The district court's reliance on evidence not presented in the affidavit, if any, was harmless because the district court did not clearly err in finding that other information contained in the affidavit independently supported probable cause.

4

*United States v. Stanert*, 762 F.2d 775, 778 (9th Cir. 1985)*, amended*, 769 F.2d 1410 (9th Cir. 1985) ("In reviewing the validity of a search warrant, a court is limited to the information and circumstances contained within the four corners of the underlying affidavit.").

**AFFIRMED.**